IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SARAH TOUART REECE, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:17-cv-00036 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DR. MARK R. JONES, ) | By: Hon. Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |

This matter is before the Court on Plaintiff Sarah Touart Reece's Motion to Amend the Complaint [ECF No. 6] and Defendant Dr. Mark R. Jones's Motion to Dismiss [ECF No. 8]. Although the Pretrial Order (and Roseboro Notice) filed in this case both advised Plaintiff of the possible result for failing to defend against Defendant's Motion to Dismiss, Plaintiff did not respond to the Motion. I heard oral arguments from both parties on July 25, 2017, and the matter is now ripe for disposition. For the reasons stated herein, I will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend, as the proposed amendment is futile.

I.  **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Plaintiff filed suit against "Dr. Mark Jones, Pittsylvania County Schools"[1] ("Defendant") in Pittsylvania County General District Court using this Court's blank *pro se* complaint. On May 22, 2017, Defendant removed the action to this Court.

Plaintiff alleges only the following:

> In 2015, I began requesting a grievance procedure, which was uniform and in compliance with codes set by the general Assembly [*sic*]. I requested this procedure and that it be followed multiple times from 2015 to 2017. In 2017 I was dismissed. I was denied

---

[1] Presumably Dr. Jones is superintendent of the Pittsylvania County Schools ("PCS"). It is unclear if Plaintiff is seeking to sue Dr. Jones, PCS, or both.

> due process and therefore lost the benefit of a full retirement because I was dismissed well before the age of retirement. I was dismissed w/o being given a grievance process in accordance with the General Assembly.

(Compl. ¶ III [ECF No. 1-2.]) She contends these actions violated her Due Process and Fifth Amendment rights.

In her Motion to Amend the Complaint, Plaintiff seeks to change "2015" to "2014." (See Mot. to Amend Compl., May 25, 2017 [ECF No. 6].)

On May 26, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6). [ECF No. 8.] The clerk sent Plaintiff a Roseboro notice that same day, setting a response deadline of June 12, 2017. Plaintiff did not respond to Defendant's Motion.[2]

After removal of this case, I entered a Pretrial Order which stated, in relevant part: "**EXCEPT FOR GOOD CAUSE SHOWN, IF BRIEFS IN OPPOSITION TO THE MOTIONS ARE NOT FILED, IT WILL BE DEEMED THAT THE MOTION IS WELL TAKEN.**" (Order, May 23, 2017 [ECF No. 4] (emphasis in original).) Despite this admonition, Plaintiff never filed a brief in opposition.

## II.  STANDARD OF REVIEW

As an initial matter, *pro se* complaints are held to "'less stringent standards than the formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2] She has filed several "notices," but nothing directed to the substance of Defendant's Motion to Dismiss.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  In determining facial plausibility, the court must accept all factual allegations in the complaint as true.  Id.  The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (internal quotation marks omitted).  Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).  Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

### III. DISCUSSION

"In order to prevail [on a procedural due process claim, Plaintiff] must show '(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate.'"  Shirvinski v. U.S. Coast Guard, 673 F.3d 308, 314 (4th Cir. 2012) (quoting Kendall v. Balcerzak, 650 F.3d 515, 528 (4th Cir. 2011)).

Plaintiff's Complaint is woefully insufficient, even granting her the leeway afforded to *pro se* parties.  Her Complaint is a textbook example of the "plaintiff-unlawfully-harmed-me" pleadings that Iqbal and Twombly sought to end.  Moreover, even taking her Complaint at face value and filling in some necessary holes with supposition (i.e., that she was employed by Pittsylvania County Public Schools and that she requested a grievance with Defendant), her Complaint is still insufficient.  She claims she requested a grievance for three years *prior* to her

termination; what, exactly, was she grieving?[3]  Clearly, she could not be requesting a grievance regarding her termination.  Was she requesting a grievance over something that was even subject to the state's grievance procedure?  See Va. Code Ann. § 22.1-306 (2016); 8 Va. Admin. Code 20-90-40 (2016) ("Grievability").[4]  She never alleges the source of her alleged right to a grievance procedure, the nature of the complaint that preceded her request for a grievance, nor to whom she made the request.  More fundamentally, she failed to make any allegations regarding actions taken or not taken by Dr. Jones, making it impossible to decipher what, if any, recourse she has against the only named defendant.

Typically, considering Plaintiff's *pro se* status, I would afford her the opportunity to amend her Complaint to address these deficiencies.  That would, unfortunately, be a futile effort.  At the hearing on this matter, I asked Plaintiff what event that compelled her to request a grievance.  According to her, she filed a grievance because the school district was not following the grievance procedure.  Were Plaintiff to amend her Complaint and add such an allegation, she would still fall short of pleading that she was entitled to a grievance at all.  See Kendall v. Balcerzak, 650 F.3d 515, 528 (requiring the deprivation of a cognizable liberty or property interest as a necessary element of a procedural due process claim).  As such, the amendment she proposed in her Motion to Amend and the amendment Plaintiff identified in court would not save her action.  Such an amendment would be futile and will not be allowed.  See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (noting that leave to amend may be denied when the amendment would be futile).

---

[3] Although Plaintiff claims she "was dismissed [without] being given a grievance process" (Compl. ¶ III), she does not allege that she requested a grievance regarding her termination.

[4] I note that some complaints that are covered by Virginia's grievance procedure may not implicate a federal constitutional due process right.  In that situation, although a teacher may be entitled to the grievance procedure she seeks, there may be no constitutional recourse for the state's failure to provide it.  See, e.g., Kendall, 650 F.3d at 528.

## IV. CONCLUSION

Plaintiff's Complaint lacks any factual support for her claim and Defendant's Motion to Dismiss will be granted. The amendments Plaintiff proposes to cure the defects in her Complaint would not save her claim, and thus the proposed amendments would be futile. Accordingly, leave to amend will not be granted, and this case will be dismissed without prejudice.[5]

The clerk is directed to forward a copy of this Order to Plaintiff and all counsel of record.

Entered this 27th day of July, 2017.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's initial attempt to file this case in Virginia state court indicates that she may wish to challenge the grievance procedure as implemented by the Pittsylvania County Public Schools. This ruling will permit her to pursue that route if she so chooses.